```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
```

JUDY HARRIS                        *

        Plaintiff       *

        vs.             *   CIVIL ACTION NO. MJG-13-2999

THE BANK OF DELMARVA               *

        Defendant       *

\*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER RE: SANCTIONS

The Court has before it Defendant The Bank of Delmarva's Motion for Sanctions [Document 10] and the materials submitted relating thereto. The Court has held a hearing and had the benefit of the arguments of counsel.

Defendant The Bank Of Delmarva ("the Bank") seeks to have the Court sanction Plaintiff Judy Harris ("Harris") and/or Harris's counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927. The Court finds, however, that Harris, the client, should not be burdened with sanctions due to the actions of her counsel.

As set forth in the Memorandum and Order Re: Summary Judgment [Document 16], Harris's contentions – as "explained" by counsel at the summary judgment hearing – were meritless, based upon an unrealistic view of the evidence, and purportedly supported by reckless charges of impropriety. See [Document 16]

at 17-24. Indeed, Harris testified at her deposition that she was unaware of any facts, circumstances, or documents that supported a contention that she was terminated due to her age. See Harris Dep. 67:3-13, 68:14-69:5.

Rule 11(b) of the Federal Rules of Civil Procedure provides, in pertinent part:

> (b) By presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Title 28 U.S.C. § 1927 provides:

> Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

While the Court could impose sanctions on Harris's counsel pursuant to either authority, it shall proceed pursuant to 28 U.S.C. § 1927 and exercise its discretion to limit the extent of the sanctions to the Bank's expenses pertaining to the summary judgment motion hearing.

The Court will assume that Harris's counsel, in drafting the Complaint, believed that Harris presented a nonfrivolous claim.  The Court will further assume that counsel so believed even after receiving Harris's deposition transcript and the Bank's letter of June 4, 2014 [Document 10-5] presenting cogent reasons why Harris should not proceed with the case.  The Court also will further assume – albeit the assumption hardly is warranted – that Harris's counsel had a plausible basis to believe that he could draft a plausible Response to the Bank's Motion for Summary Judgment.  However, the Court will assume no further.

The Court finds that in light of Harris's Response to the Motion for Summary Judgment (such as it was) and the Bank's Reply, Harris's counsel did not – and could not - reasonably believe that there was any nonfrivolous basis to oppose summary judgment.

Harris's counsel sought to have the Court deny summary judgment to the Bank on the grounds that:

- Harris was, at the time of her termination, performing her job duties at a level that met the Bank's legitimate expectations although Harris had, herself, testified that her use of the "N word" in the workplace was the basis for her discharge;

- The Court should disregard the "N word" incident, relying upon a 2000 decision from the U.S. Court of Appeals for the Sixth Circuit, the reasoning of which expressly was rejected by the Fourth Circuit in 2006, see Warch v. Ohio Cas. Ins. Co., 435 F.3d 510 (4th Cir. 2006); and

- There was evidence that the Bank's proffered reason for Harris's termination was "pretext" because:

    - The Bank said that Harris had resigned or retired, without expressly stating that Harris had been fired for using the "N word," although Harris had herself so stated;

    - The Bank was a "thoroughly racist organization in its employment practices" that did not care about disrespect for African-Americans, although there was no evidence that, realistically viewed, could support the charge;

    - Purported statistical evidence[1], in counsel's unsupported opinion, of age discrimination, although there was no rational basis for the claim;[2]

---

[1]   Harris's counsel contended that corporate records of the Bank reflecting the ages of employees when their employment with the Bank ended demonstrated a policy of age discrimination because a higher percentage of employees over 60 years of age than under 60 years of age left the Bank. However, the data presented by Harris's counsel did not indicate whether the employees had ceased working at the Bank due to health concerns, death, voluntary retirement, voluntary resignation, or involuntary termination.

[2]   As the Court stated in the Memorandum and Order Re: Summary Judgment [Document 16], "Harris's counsel's purported use of 'statistics' [wa]s utterly baseless." Id. at 19.

- There was a material inconsistency between a statement from the Bank that an employee "resigned due to illness", and a statement that the employee "moved to Florida."

- There was a material inconsistency between a statement that an employee "was forced out of the company by [the Bank's Director of Human Resources] because she had developed a sickness and [the Director] did not feel the employee was up to the job" and the employee's affidavit stating that "I was about to give notice to retire, then I only worked two more weeks, if [the Director] had acted differently I might have wanted to stay."

See [Document 11] at 10-21.

The purpose of 28 U.S.C. § 1927 is to "'limit[] the abuse of court processes.'" DeBauche v. Trani, 191 F.3d 499, 511 (4th Cir. 1999) (quoting Roadway Express, Inc. v. Piper, 447 U.S. 752, 762 (1980)).  The Fourth Circuit has noted that "[b]ad faith on the part of the attorney is a precondition to imposing fees under § 1927." E.E.O.C. v. Great Steaks, Inc., 667 F.3d 510, 522 (4th Cir. 2012); see also Brubaker v. City of Richmond, 943 F.2d 1363, 1382 n.25 (4th Cir. 1991).  "'Courts have imposed sanctions under this section only . . . when the attorney's actions are so completely without merit as to require the conclusion that they must have been taken for some improper purpose such as delay.'" Griffin Whitaker, LLC v. Torres, No. DKC-10-0725, 2010 WL 3895384, at *5 (D. Md. Oct. 1, 2010).

The Court finds that, in requiring the Bank to proceed through the summary judgment motion hearing, Harris's counsel

5

acted in bad faith and unreasonably and vexatiously caused the Bank to incur unnecessary expense to defend the case.

Accordingly:

1. Defendant The Bank of Delmarva's Motion for Sanctions [Document 10] is GRANTED.

2. Defendant shall, by March 24, 2015 file a statement of the legal fees incurred for counsel's preparation for, and participation in, the summary judgment motion hearing.

3. Plaintiff's counsel shall file any response to Defendant's statement of legal fees by April 7, 2015.

SO ORDERED, on <u>Wednesday, February 25, 2015</u>.

<pre>
                         _____/s/_____
                           Marvin J. Garbis
                        United States District Judge
</pre>