IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JUDY HARRIS                         *

          Plaintiff        *

             vs.           *    CIVIL ACTION NO. MJG-13-2999

THE BANK OF DELMARVA             *

          Defendant        *

*       *       *       *       *       *       *       *       *

MEMORANDUM AND ORDER RE: SANCTIONS AWARD

The Court has before it Defendant The Bank of Delmarva's

Motion for Sanctions [Document 10] and the parties' filings

relating to Defendant's Statement of Fees [Documents 18, 19,

20].  The Court finds no further hearing necessary.

In the Memorandum and Order Re: Sanctions [Document 17]

the Court stated:

> 1.    Defendant The Bank of Delmarva's Motion
>       for Sanctions [Document 10] is GRANTED.
>
> 2.    Defendant shall, by March 24, 2015 file
>       a statement of the legal fees incurred
>       for counsel's preparation for, and
>       participation in, the summary judgment
>       motion hearing.
>
> 3.    Plaintiff's counsel shall file any
>       response to Defendant's statement of
>       legal fees by April 7, 2015.

Defendant filed an Itemization of Fees [Document 18-2],

seeking an award of $6,953.83 for 15.3 professional hours of

defense counsel's time at the rate of $454.50[1] per hour.
Plaintiff's counsel objects to the rate and to several of the
time charges.

I.    DISCUSSION

    A.    Hourly Rate

The Court finds that the hourly rate charged by Defendant's
counsel is reasonable for use in determining the instant award.
The hourly rate is what was, in fact, charged to the client and
is within the Court's general guideline range for an attorney of
defense counsel's experience.  Appendix B (Rules and Guidelines
for Determinin Attorneys' Fees in Certain Cases) to Local Rules
of the United States District Court for the District of Maryland
(July 2014).

    B.    Professional Time Charged

        1.    12/05/14 to 12/23/14 (0.5 hours awarded)

The Court will not require reimbursement for the
professional time expended in this period, with the exception of
half of the one hour devoted to "begin preparation for hearing."
The rest of time was devoted to time that defense counsel would
have spent even if the hearing had related solely to the

---

[1]    The normally charged hourly rate of $505.00 was reduced by
10%.

sanctions motion.  The Court agrees with Plaintiff's counsel

that it should not award fees for the sanctions motion itself.

The Court agrees with Defendant, however, that the sanctions

award was based upon the absence of any nonfrivolous basis to

oppose the summary judgment motion.  Hence, at least one half of

the preparation time was allocable to the summary judgment

motion.


        2.    01/05/15 to 01/06/15 (5.9 hours awarded)

    The Court will award fees for 5.9 of the 6.5 hours devoted

to hearing preparation.  There was little, if any, additional

professional time necessary to prepare for matters that did not

directly relate to the summary judgment motion.  Therefore, a

10% reduction in the 6.5 hours of hearing preparation time for

"sanctions related time" is the greatest reduction that would be

reasonable.


        3.    01/07/15 (2.3 hours awarded)

    The Itemization of Fees refers to a total of 5.6 hours for

preparation for oral argument, conferring with clients, and

argument in court.  The Court records reflect that the hearing

in court began at 2:35 PM and concluded at 3:52 PM, for a total

of 1.3 hours (1 hour, 17 minutes) of which 1.2 hours (1.3 hours,

less 10%) shall be awarded.  The Court finds it reasonable to

charge for last-day preparation of one-half the hearing time -

in this case, 0.7 hours, for which 0.6 hours (0.7 hours, less

10%) shall be awarded.  The Court also finds it appropriate to

award a fee for post-hearing conferencing time of 0.5 hours,

without a 10% reduction, because of the overwhelming

significance to the Defendant of the summary judgment motion.


II.   CONCLUSION

    Accordingly:

        1.   The Court hereby awards Defendant legal fees payable
             by Plaintiff's counsel, Bart Garry, Esquire, in the
             amount of $3,954.15 for 8.7 hours of professional
             time at $454.50 per hour.

        2.   Judgment shall be entered by separate Order.



    SO ORDERED, on Wednesday, April 22, 2015.


                            _____/s/_____
                             Marvin J. Garbis
                          United States District Judge